# EXHIBIT "1"

IN THE COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

NELLY ROJAS,

    **Plaintiff,**

v.

    Case No.:

    **JURY TRIAL DEMANDED**

WINDHAM ASSOCIATES, INC
*d/b/a* NATIONAL ENTERPRISE
SYSTEMS,

    **INJUNCTIVE RELIEF SOUGHT**

    **Defendant.**

_____/

## STATEMENT OF CLAIM

Plaintiff Nelly Rojas ("Plaintiff") sues Defendant Windham Associates, Inc d/b/a National Enterprise Systems ("Defendant") for violations the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties") because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Miami-Dade County, Florida.

3. The amount in controversy is greater than $500.00, but does not exceed $2,500.00, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Miami-Dade County Florida.

PAGE | **1** of 7

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

6. Defendant is an Ohio corporation, with its principal place of business located in Solon, Ohio.

## DEMAND FOR JURY TRIAL

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

8. This action involves the debt arising from a transaction between PNC Bank, the original creditor, and Plaintiff, of which was primarily for the personal benefit of Plaintiff, Plaintiff's family, as well as members of Plaintiff's household (the "Consumer Debt").

9. Plaintiff is the alleged debtor of the Consumer Debt.

10. Defendant is a debt collector governed by both the FDCPA and FCCPA.

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant is a business entity engaged in the business of collecting consumer debts.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Defendant is an entity required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency" to lawfully collect consumer debts in Florida.

15. The Consumer Debt is a debt which Defendant must possess a valid Consumer Collection Agency license to lawfully collect or attempt to collect from Plaintiff.

Case 1:20-cv-25303-KMM   Document 1-1   Entered on FLSD Docket 12/30/2020   Page 4 of 11

16. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

17. Defendant's "Consumer Collection Agency" license number is CCA0900266.

18. For Defendant's "Consumer Collection Agency" license to remain valid, Defendant is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

19. Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Defendant *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

20. Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Defendant *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

21. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

22. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

23. On or about July 02, 2020, Defendant sent Plaintiff a letter (the "Collection Letter") in an attempt to collect the Consumer Debt from Plaintiff. Attached hereto as Exhibit "A" is a copy of the Collection Letter.

24. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

25. The Collection Letter represents Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

26. The Collection Letter represents an action to collect a debt by Defendant.

27. Defendant identifies itself as a "debt collector" in the Collection Letter.

28. In the Collection Letter, Defendant states that it (the Collection Letter) is "an attempt to collect a debt."

## COUNT I.
## VIOLATION OF 15 U.S.C. § 1692g(a)(1) and § 1692e(2)(A)

29. Plaintiff incorporates by reference paragraphs 1-28 of this Statement of Claim as though fully stated herein.

30. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. In particular, §1692g(a) requires the provision of:

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*See* 15 U.S.C. §1692g(a)(4)-(5).

31. With respect to the Collection Letter, the following disclosure is presented:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing at 2479 Edison Blvd., Unit A, Twinsburg, OH 44087-2340 within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing at 2479 Edison Blvd., Unit A, Twinsburg, OH 44087-2340 within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

*See* Collection Letter at 1.

32. The FDCPA requires a least sophisticated consumer to provide the debt collector with *written* notice of the consumer's invocation of the rights under § 1692g(a)(4)-(5). Here, the Collection Letter wrongfully limits the least sophisticated consumer to *postal mail* if the consumer seeks to invoke his or her rights under § 1692g(a)(4)-(5).

33. Put differently, the Collection Letter limits the form of written notice to *postal* mail, and in so doing, wrongfully cause the least sophisticated consumer to believe that he or she *cannot*, for example, provide the Defendant with *written notice* via facsimile or email. As such, by wrongfully limiting the channels through which the least sophisticated consumer may invoke his or her rights pursuant to § 1692g(a)(4)-(5), Defendant violated § 1692g(a)(4)-(5), § 1692g(b), and § 1692e of the FDCPA.

34. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages as provided by 15 U.S.C. § 1692k;

(b) Costs and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

### COUNT II.
### VIOLATION OF 15 U.S.C. §§ 1692e and e(10)

35. Plaintiff incorporates by reference paragraphs 1-28 of this Statement of Claim as though fully stated herein.

36. Defendant violated §§ 1692e and e(10) of the FDCPA by utilizing false representations and/or deceptive means in an attempt to collect the Consumer Debt and/or obtain

PAGE | **5** of 7

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

information concerning Plaintiff. In short, Defendant wrongfully mislead the least sophisticated consumer into believing he or she was protected and/or entitled to certain rights and/or protections, at law, when, in reality, the consumer was not.

37. On the front of the Collection Letter, Defendant directs and/or advises all consumers, without limitation, to read the back of the Collection Letter because it contains important information. *See* Collection Letter. ("**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**." (emphasis in original)).

38. It is without question that Defendant's advisory to "*see reverse side for important information*" causes the least sophisticated consumer to believe that the information on the back of the letter is, *in fact*, important for the consumer to know, without reservation or exception.

39. On the reverse side of the Collection Letter, Defendant lists a series of rights and/or laws as applying to residents of certain states. For example, under the heading "Massachusetts Residents," Defendant states: "NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT." *See* Collection Letter (emphasis in original).

40. Regardless of whether the rights Defendant articulates for "residents" of Massachusetts *is* true, such rights are *true* for residents of Florida. Yet, despite advising Plaintiff to *read the back of the letter because it contains important information*, Defendant did not inform Plaintiff that residents of Florida are *also guaranteed the very same rights*.

41. Thus, Defendant wrongfully cause the least sophisticated consumer to believe he or she is **_not protected_** by any of the rights and/or protections Defendant articulates on the back of the Collection Letter. *See* Melillo v. Shendell & Assocs., P.A., 2012 WL 253205, at *6 (S.D. Fla.)

("A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." (quoting Gonzales v. Arrow Fin. Servs., LLC, 660 F.3d 1055, 1062 (9th Cir. 2011)) (internal quotation marks omitted)); *See, e.g.*, Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1369 (M.D. Fla. 2002) (a collection letter which stated that "the consumer would incur 'substantial amounts of attorney fees and costs'" if a law suit was filed "is a false representation and misleading to the least sophisticated consumer" because such an outcome is not certain to occur); Gonzales, 660 F.3d 1055 at 1063 ("[c]onditional language, particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability.").

42. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages as provided by 15 U.S.C. § 1692k;

(b) Costs and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

DATED: October 2, 2020

Respectfully Submitted,

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:     tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:         855-529-9540

# EXHIBIT "A"

**NATIONAL ENTERPRISE SYSTEMS**

2479 Edison Blvd., Unit A  ◆  Twinsburg, OH 44087-2340
Ph. (800) 925-6142

July 2, 2020

Current Creditor: PNC Bank
Account Number: ▮▮▮▮▮▮▮▮▮▮▮▮
NES Account Number: ▮▮▮▮▮▮ PNC030
Please contact: (800) 925-6142

Nelly L Rojas
9350 Fontainebleau Blvd
Apt C612
Miami FL 33172-4297

**Balance: $6,125.06**

The above referenced current creditor has placed your account with our office for collection.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing at 2479 Edison Blvd., Unit A, Twinsburg, OH 44087-2340 within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing at 2479 Edison Blvd., Unit A, Twinsburg, OH 44087-2340 within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you make payment on this account by check, the face amount of the check may be presented to your bank by paper draft or electronically as permitted by law.

IONNESI02001PNC_▮▮▮▮▮▮

*NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION*

***PLEASE COMPLETE AND RETURN THE FORM BELOW WITH YOUR PAYMENT.***

Daytime Phone:   (_____) _____ - _____
Evening Phone:   (_____) _____ - _____

ONNESI02
PO Box 1280
Oaks, PA 19456-1280

ADDRESS SERVICE REQUESTED

104

NATIONAL ENTERPRISE SYSTEMS
2479 Edison Blvd., Unit A
Twinsburg OH 44087-2340

Nelly L Rojas
9350 Fontainebleau Blvd
Apt C612
Miami FL 33172-4297

July 2, 2020                               PNC
Account #:         ▮▮▮▮▮▮▮▮▮▮
Balance:           $6,125.06

**California Residents:**
The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-Help or www.ftc.gov. Nonprofit credit counseling services may be available in the area.

**Colorado Residents:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR.

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with th consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any othe action authorized by law to collect the debt.

The National Enterprise Systems, Inc. Resident Manager for the State of Colorado is:
Virtuoso Sourcing Group, LLC
4500 Cherry Creek Drive South, Suite 300
Glendale, Colorado 80246
720-508-8689

**Maine and Massachusetts Residents:**
Office Hours: M-Th 8:00 AM – 7:00 PM EST, Fri 8:00 AM – 4:30 PM EST.
Phone number: 877-603-7165

**Massachusetts Residents:**
NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

**Minnesota Residents:**
This collection agency is licensed by the Minnesota Department of Commerce.

**New York State Residents:**
Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to the use or threat of violence; the use of obscene or profane language; and repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: Supplemental security income, (SSI); Social Security; Public assistance (welfare); Spousal support, maintenance (alimony) or child support; Unemployment benefits; Disability benefits; Workers' compensation benefits; Public or private pensions; Veterans' benefits; Federal student loans, federal student grants, and federal work study funds; and ninety percent of your wages or salary earned in the last sixty days.

**New York City Residents:**
New York City Department of Consumer Affairs License Number: 1129025
Phone number: 877-603-7165
Compliance Department Manager: Eric Thut

**North Carolina Residents:**
N.C. Permit No. 101691. 29125 Solon Road, Solon, OH 44139
N.C. Permit No. 112832. 2479 Edison Blvd., Unit A, Twinsburg, OH 44087
N.C. Permit No. 113131. 150 East Campus View Blvd., Suite 280, Columbus, OH 43235

**Tennessee Residents:**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**Wisconsin Residents:**
This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.