UNITED STATES DISTRICT COURT
SOTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-25303

**NELLY ROJAS**,

      Plaintiff,

v.

**WINDHAM ASSOCIATES, INC.,** *doing business as* **NATIONAL ENTERPRISE SYSTEMS**,

      Defendant.

_____/

## PLAINTIFF'S MOTION TO REMAND

Plaintiff Nelly Rojas ("Plaintiff"), pursuant to 28 U.S.C. §1447(c), moves to remand this case to state court, and in support states:

## I.    INTRODUCTION

Defendant Windham Associates, Inc., *doing business a*s National Enterprise Systems ("Defendant") and its debt-collector colleagues have argued that federal courts lack subject-matter jurisdiction to adjudicate claims brought under the Fair Debt Collection Practices Act for statutory damages for **over a decade**[1] – with the seminal example of such argument being Trichell v. Midland Credit Mgmt., 964 F.3d 990, 994 (11th Cir. 2020) (holding that "[n]either Trichell nor Cooper suffered an injury in fact when they received allegedly misleading communications …

---

[1] Kranz v. Midland Credit Mgmt., No. SA-18-CV-169-XR, 2020 U.S. Dist. LEXIS 121404, at *1 (W.D. Tex. July 10, 2020) (arguing lack of Article III standing); Stevens v. Midland Credit Mgmt., No. 12-14601, 2013 U.S. Dist. LEXIS 166068 (E.D. Mich. Nov. 22, 2013) (same); Crooker v. Midland Credit Mgmt., No. 08cv1351 DMS (RBB), 2008 U.S. Dist. LEXIS 132156 (S.D. Cal. Oct. 17, 2008) (same).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

[and] [b]ecause they lack Article III standing, we vacate the district courts' judgments and remand the cases with instructions to dismiss for lack of Article III standing.").

Now, on the heels of the Article III standing "victory" obtained from the Eleventh Circuit Court of Appeals in Trichell, Defendant has miraculously come full circle. Yet, while Defendant now turns a blind-eye to the Article III standing requirements, Plaintiff **will not** and, respectfully, neither may this Court. For the reasons set forth below, Plaintiff asks that this Court remand this action, thereby requiring Defendant to litigate in the same arena in which tens-of-thousands of indigent consumers are sued every year.

## II.    PLAINTIFF'S SMALL CLAIMS ACTION

On October 02, 2020, Plaintiff filed this case in *small claims* in Miami-Dade County, Florida (*case number 2020-022308-SP-05*) *see* D.E. 1-1 (the "SOC") against Defendant, alleging statutory violations of Fair Debt Collection Practices Act ("FDCPA"), *namely*, § 1692g and § 1692e of the FDCPA due to defective disclosures and misleading representations made by Defendant in a collection letter.

Specifically, Plaintiff's claims arise from the collection letter, internally dated July 2, 2020, that Defendant mailed Plaintiff in an attempt to collect an allegedly unpaid debt that Plaintiff purportedly originally owed to PNC Bank. *See* SOC at ¶¶ 8-9, 23-28.

Plaintiff's claims represent codified statutory violations of the FDCPA, whereby Plaintiff did not personally suffer any *actual* damages as a result of the alleged violations, and as such, **only statutory damages** in addition to attorneys fees and cost. *See* SOC at ¶¶ 34 & 42.

## III.    STANDARD OF REVIEW

"On a motion to remand, the removing party shoulders the burden of establishing federal subject-matter jurisdiction." Bowling v. United States Bank Nat'l Ass'n, 963 F.3d 1030, 1033-34

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(11th Cir. 2020) (citing <u>Conn. State Dental Ass'n v. Anthem Health Plans, Inc.</u>, 591 F.3d 1337, 1343 (11th Cir. 2009)). "Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994).

## IV.     ARGUMENT

### A.     Defendant Has Not Established Federal Subject-Matter Jurisdiction

As the party responsible for the removal of above-captioned case to this Court, Defendant "shoulders the burden of establishing subject-matter jurisdiction." <u>Bowling</u>, 963 F.3d 1030 at 1033. Defendant, however, made no such showing in the Notice of Removal [D.E. 1] ("Notice of Removal") it (Defendant) filed on November 11, 2020. See <u>Notice of Removal</u> (whereby such is completely devoid of any articulation regarding the necessary injury in fact component of Article III standing); *see* <u>Trichell v. Midland Credit Mgmt.</u>, 964 F.3d 990, 996 (11th Cir. 2020) ("Under settled precedent, the 'irreducible constitutional minimum' of standing consists of three elements: the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it.'"); *see also* <u>Lujan</u>, 504 U.S. at 561 ("The party invoking federal jurisdiction bears the burden of establishing these elements [of standing.]"); <u>Jenkins</u>, No. 20-22677-CIV, 2020 U.S. Dist. LEXIS 147433, at *4-5 ("As the removing party, [defendant] has the burden of establishing federal jurisdiction — including [plaintiff's] standing."); <u>Avedyan</u>, 2020 U.S. Dist. LEXIS 221149, at *7 ("Defendant has failed to meet its burden to show that Plaintiffs have Article III standing and thus has failed to show that the Court has subject matter jurisdiction over this action.").

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Just as Plaintiff made clear to Defendant after Defendant's unilateral decision to invoke this Court's jurisdiction, Plaintiff affirmatively disputes that his specific allegations confer Article III standing, and in light of Defendant's failure to make any such showing in the Notice of Removal [D.E. 1], remand is therefore proper. Burns, 31 F.3d at 1095 ("where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."); Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005)("In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims."); Watkins v. IC Sys., No. C-98-1625-VRW, 1998 U.S. Dist. LEXIS 10486, at *1 (N.D. Cal. July 10, 1998) ("On October 30, 1997, the court remanded the action to state court because Sicher lacked Article III standing.").

**B.      The Present Issues Involving Subject-Matter Jurisdiction Are Not Unique**

The immediate situation – *i.e.*, where a defendant removes a case to federal court despite the underlying plaintiff's lack of Article III standing – **is not unique**.

Earlier this year, Judge Cecilia Altonaga granted a motion to remand in a Telephone Consumer Protection Act ("TCPA") action where the plaintiff – like Plaintiff here – alleged only a statutory violation. *See* Jenkins v. Simply Healthcare Plans, Inc., No. 20-22677-CIV, 2020 U.S. Dist. LEXIS 147433 (S.D. Fla. Aug. 17, 2020) ("With no concrete injury, and thus no standing, Simply Healthcare has not met its burden to show that the Court has subject matter jurisdiction over this action. Remand is the proper course.") (Altonaga, J.).

Similarly, Judge Roy Altman remanded a TCPA action involving a text message after holding that allegations identical to those here failed to satisfy Article III standing. *See* Mittenthal v. Fla. Panthers Hockey Club, Ltd., No. 20-60734-CIV-ALTMAN/Hunt, 2020 U.S. Dist. LEXIS 123127 (S.D. Fla. July 10, 2020) ("Here, the Complaint never references any *tangible* harm the Plaintiffs may have suffered…. The Plaintiffs likewise allege no *intangible* harm.") (Altman, J.)

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(emphasis in original). Notably, in his order remanding the case, Judge Altman stated: "It is worth noting, too, that nothing in this Order … prevents the *state* court from exercising jurisdiction over this case." Id. at n. 4 (emphasis original).

Most recently, Judge William Dimitrouleas adopted the holdings of Jenkins and Mittenthal, and remanded a TCPA class action alleging only a statutory violation acknowledging that "the constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or, in this case, a federal statute." Avedyan v. CMR Constr. & Roofing, LLC, No. 20-81362-CIV, 2020 U.S. Dist. LEXIS 221149, at *7 (S.D. Fla. Nov. 24, 2020) (*quoting* ASARCO Inc. v. Kadish, 490 U.S. 605, 617, 109 S. Ct. 2037, 104 L. Ed. 2d 696 (1989)) (Dimitrouleas, J.).

## C.    Plaintiff Has Standing In State Court And Remand Therefore Is Appropriate

"[T]he constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or, in this case, a federal statute." ASARCO Inc. v. Kadish, 490 U.S. 605, 617 (1989) (emphasis added). Accordingly, nothing in "Salcedo—prevents the state court from exercising jurisdiction over this case. State legislatures, after all, are always free to adopt lower standing requirements than those imposed by Article III on federal courts." Mittenthal, 2020 U.S. Dist. LEXIS 123127 at n.4; *see also* Avedyan, 2020 U.S. Dist. LEXIS 221149, *7 (holding that remand is the proper course where removed TCPA text messaging complaint did not establish Article III standing). In this same vein, just as with Salcedo in respect to TCPA cases, nothing in Trichell prevents the state court from exercising jurisdiction over this case.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

While Plaintiff allegations of a *statutory violation* and resulting *legal injury* stemming from Defendant's conduct are *insufficient* to invoke this Court's jurisdiction, the state court where this matter was originally filed does have jurisdiction. *See* <u>Sosa v. Safeway Premium Fin. Co.</u>, 73 So. 3d 91, 117 (Fla. 2011). ("A case or controversy exists if a party alleges an actual or **<u>legal injury</u>**.") (*citing* <u>Olen Properties Corp. v. Moss</u>, 981 So. 2d 515 (Fla. 4th DCA 2008) (*citing* <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 617, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973)) (emphasis supplied); <u>Laughlin v. Household Bank, Ltd.</u>, 969 So. 2d 509 (Fla. 1st DCA 2007) ("[plaintiff] is not required to prove actual damages, but only a violation of one of the prohibited practices in the FCCPA."); <u>Collins v. Gov't Emples. Ins. Co.</u>, 922 So. 2d 353 (Fla. 3d DCA 2006) ("Therefore, the question to be answered first is whether Collins stated a cause of action against the defendant insurer.").

The strictures of Article III standing do not apply in state court and, therefore, Plaintiff should be permitted to pursue his claims in state court. *See* <u>Dep't of Rev. v. Kuhnlein</u>, 646 So. 2d 717, 720 (Fla. 1994) ("Accordingly, the doctrine of standing certainly exists in Florida, but not in the rigid sense employed in the federal system."); <u>Pirate's Treasure, Inc. v. City of Dunedin</u>, 277 So. 3d 1124, 1128 (Fla. 2d DCA 2019) ("conception of standing is less demanding than the conception of standing that prevails in the federal courts"); <u>Brady v. P3 Grp. (LLC)</u>, 98 So. 3d 1206, 1209 (Fla. 3d DCA 2012) ("the doctrine of standing is not employed with the rigidity found in federal practice"); <u>Nat'l Ass'n of Prof'l Allstate Agents v. Allstate Ins. Co.</u>, No. 8:01-cv-2137-T- 24MSS, 2002 U.S. Dist. LEXIS 28409, at *7 (M.D. Fla. Apr. 22, 2002) ("Instead, Florida courts have applied the concept of standing more loosely than typically found in the federal system."); <u>Reinish v. Clark</u>, 765 So. 2d 197 (Fla. 1st DCA 2000) ("Florida does not adhere to the 'rigid' doctrine of standing used in the federal system."). Simply put, this case should be remanded to state court where Plaintiff can pursue his claims.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

WHEREFORE, Plaintiff Nelly Rojas, respectfully, requests **[1]** an order remanding this case to state court – *or, in the alternative* – an order directing Defendant Windham Associates, Inc., *doing business as* National Enterprise Systems, to show cause as to the existence of subject-matter jurisdiction, as the removing party shoulders the burden of establishing federal subject-matter jurisdiction; **[2]** attorneys' fees and costs expended as a result of Defendant's frivolous removal of this matter; and **[3]** for such other relief deemed appropriate under the circumstances.

## CERTIFICATE OF GOOD FAITH CONFERRAL

The undersigned attorney, in compliance with S.D. Local Rule 7.1(a)(3), certifies that counsel for Plaintiff has conferred with counsel for Defendant on December 30, 2020, *via* e-mail regarding the relief sought herein, and counsel for Defendant has advised that Defendant opposes the relief sought herein.

Dated: January 6, 2021

Respectfully Submitted,

 /s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:  jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:  tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:  954-907-1136

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 6, 2021, the foregoing was electronically

filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic

filing to all counsel of record.

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com